**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

In re:
                                                **CASE NO. 09-22585**
IAN R. BROWN,

                              Debtor.         **DECISION & ORDER**

_____

## BACKGROUND

On November 17, 2009, Ian R. Brown (the "Debtor") filed a motion (the "Pond Motion") pursuant to Section 506(a)(1)[1] and the Decision of the United States Court of Appeals for the Second Circuit (the "Second Circuit") in In re Pond, 252 F.3d 122 (2d Cir. 2001) ("Pond"). The Pond Motion requested that the Court determine that a May 18, 2007 mortgage on the Debtor's residence at 7213 Baptist Hill Road, Bloomfield, New York (the "Residence"), held by Eastman Savings & Loan Federal Credit Union ("ESL"), with an

---

[1]     Section 506(a) provides that:

    (a)

        (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506 (2010).

outstanding balance of $25,136.56 (the "ESL Mortgage"), be determined to be fully unsecured, because the Residence at the time of his petition had a value of only $47,000.00, pursuant to an attached market analysis, while the first mortgage on the Residence, held by Canandaigua National Bank, had a balance as of the date of the filing of $74,000.37 (the "CNB Mortgage").

A trial to determine whether the ESL Mortgage was fully unsecured was conducted by the Court on April 28, 2010 (the "Trial").

At the Trial, D.J. Sperano ("Sperano"), a New York State licensed real estate appraiser, testified on behalf of the Debtor as to his opinion of the fair market value of the Residence, which testimony was supported by a March 17, 2010 written appraisal that valued the Residence at $65,000.00.

Also at Trial, Stephen L. Squirrell ("Squirrell"), a New York State licensed real estate appraiser, testified on behalf of ESL as to his opinion of the fair market value of the Residence, which testimony was supported by February 13, 2010 written appraisal that valued the Residence at $110,000.00, with a quick sale value of $95,000.00.

After hearing the witnesses at Trial and judging their credibility, and reviewing: (1) the evidence produced and admitted at Trial; and (2) all of the facts and circumstances in the

BK. 09-22585

Debtor's case and a related bankruptcy case filed by his spouse, the Court denies the Pond Motion for the following reasons:

1. The Court believes that the Residence has a value of at least $75,000.00, and realistically would probably sell for a purchase price in the low $80,000.00 range, which means that the ESL Mortgage is not wholly unsecured, and therefore cannot be avoided.

2. The tax assessment for the Residence is $74,500.00, based upon a fair condition, which also is higher than the balance due on the CNB Mortgage, and the Court believes from the testimony at Trial, particularly the testimony of Squirrell, that the condition is somewhat better than fair.

3. Sperano, who testified on behalf of the Debtor, indicated that the range of value for the Residence was between $60,000.00 and $75,000.00, so that the top end of the range for the Debtor's expert is in excess of the CNB Mortgage, and the Court believes that for this Residence and this Pond Motion the top end of the value range is appropriate.

4. The Court found the testimony of Squirrell credible and persuasive that the actual square footage of the Residence, as hand measured by Squirrell, is 288 square feet more than the square footage set forth in the Sperano appraisal, and 368 square feet more than the the tax rolls, which even Sperano

indicated would, if correct, raise the value of his appraisal by approximately $5,000.00. That would bring the top end of his range of value to $80,000.00, a value higher than the balance due on the CNB Mortgage.

5. Although homeowners are not experts with respect to the value of their residences, the Debtor did apply for the ESL Mortgage in 2007 obviously believing that the Residence was worth more than the $74,000.00 due on the CNB Mortgage when he obtained it in 2005, presumably because of the improvements that he had made to it and, when the Debtor's spouse filed bankruptcy in April of 2008, she valued the Residence at $100,000.00.

6. Although the Court believes that a septic system easement held by a neighbor and the floor beam problems clearly do negatively impact the value of the Residence, the facts indicate a value higher than the balance due on the CNB Mortgage, namely that: (a) the Residence has a two-car garage; and (b) significant improvements were made by the Debtor since his purchase of the Residence in 2005, including a new metal roof, well water pump, boiler and septic system.

7. The Court finds the comparables used by Sperano were significantly distant from the Residence, and not as credible as the comparables utilized by Squirrell, although no one

**BK. 09-22585**

    comparable utilized by either appraiser in the Court's opinion was truly comparable to the Residence.

8. Squirrell performed an appraisal for ESL in 2007 in connection with the ESL Mortgage, so he was very familiar with the Residence and the improvements that the Debtor had made to the property, and overall, the Court found his testimony to be more credible than Sperano's testimony, although clearly both are expert appraisers and both were credible.

### CONCLUSION

The Pond Motion is in all respects denied.

**IT IS SO ORDERED.**

                                                     **/s/**
                                     **HON. JOHN C. NINFO, II**
                                     **U.S. BANKRUPTCY JUDGE**

**Dated: May 5, 2010**